**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

|  |  |
|---|---|
| CHICAGOANS FOR AN END TO THE GANG DATABASE, et al., | ) ) ) ) ) Case No. 18-CV-4242 |
| Plaintiffs, | ) (Class Action) ) |
| v. | ) ) |
| CITY OF CHICAGO, et al., | ) ) |
| Defendants. | ) ) |

**JOINT INITIAL STATUS REPORT**

Counsel for the Plaintiffs and the putative Plaintiff class and sub-class ("Plaintiffs") and counsel for the Individual Officer Defendants, Defendant City of Chicago, and Defendant Superintendent Johnson ("Defendants") jointly file this initial status report under the Mandatory Initial Discovery Pilot Project ("MIDPP"), as follows:

**1. The Nature of the Case**

A. Attorneys: Attorneys of record and their affiliations and contact information are included below. Lead trial counsel for the Plaintiffs are Sheila Bedi and Vanessa del Valle. Lead trial counsel for the Defendants are Andrew Worseck, Tara Kennedy, and Jordan Rosen.

B. Service: All parties have been served.

C. Jurisdiction: The Complaint asserts that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, as Plaintiffs bring their constitutional claims pursuant to 42 U.S.C. § 1983, and that this Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). There is no diversity of citizenship in the state law claims, as all parties are Illinois citizens. Defendants' position is that subject matter jurisdiction is lacking over at least a portion of the Complaint, due to a lack of a case or controversy under Article III.

D. Claims: Plaintiffs state that this is a class action complaint filed against the City of Chicago, Chicago Police Department ("CPD") Superintendent Eddie Johnson in his official capacity, and individual Police Officer Defendants on behalf of a class of all persons who currently are or in the future will be included in CPD's Gang Database, as well as a sub-class consisting of Black and Latinx members of the larger class. The putative Plaintiff class and organizational Plaintiffs allege that the City of Chicago, acting through the CPD, employs a pattern and practice of using, maintaining, publishing, and sharing a Gang Database that is arbitrary, discriminatory, over-inclusive, and error-ridden. Plaintiffs allege that CPD

disproportionally targets Black and Latinx people for inclusion in the Gang Database. Plaintiffs further allege that individuals included in the Gang Database are denied due process protections before their alleged gang affiliation is used against them and shared with third parties, resulting in harm.

Both the putative Plaintiff class and organizational Plaintiffs bring legal claims pursuant to 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment, violations of the Equal Protection Clause of the Fourteenth Amendment, and violations of the Fourth Amendment for unlawful search and seizure, as well as under Illinois state law for violation of the Illinois Civil Rights Act of 2003. The individual Plaintiffs further bring claims on behalf of themselves, including federal constitutional claims for denial of due process, violation of the Equal Protection Clause, false arrest, unlawful search and seizure, malicious prosecution, as well as state law claims.

Plaintiffs primarily seek declaratory and injunctive relief on behalf of the class, sub-class, and plaintiff organizations, as well as compensatory and punitive damages on behalf of the individual named Plaintiffs. A detailed account of the relief sought by Plaintiffs is set forth in the Request for Relief in Plaintiffs' Complaint (Dkt. No. 1), at pages 56-58.

There are no counterclaims or third party claims in this suit.

    E.    Legal and Factual Issues:

Plaintiffs' position: At issue in this case is whether the City has *Monell* liability for implementing and promoting the CPD's policies and practices pertaining to the Gang Database, including whether those policies are racially discriminatory, and whether those policies and practices have caused and continue to cause the violations of the constitutional rights of the members of the putative class, sub-class, organizational plaintiffs and their members. Also at issue is whether the named individual Police Officer Defendants are personally liable for violating the constitutional and state law rights of the individual named plaintiffs: Donta Lucas, Jonathan Warner, Lester Cooper, and Luis Pedrote-Salinas.

Defendants' position: In addition to whether Plaintiffs have properly alleged a basis for *Monell* liability against the City, whether any of Plaintiffs' counts state claims on the merits, and whether the alleged policies and practices complained of have caused Plaintiffs injury, there are issues concerning the standing of the organizational plaintiffs, as well as the standing of any plaintiff to seek injunctive relief. Also at issue is whether the Individual Police Officer Defendants are entitled to qualified immunity.

**2.**  **Mandatory Initial Discovery Pilot Project**

    A.    All parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

    B.    The due dates for each parties' MIDPP initial responses are currently in dispute. Defendants seek to defer the filing of their answers, and the consequent commencement of

MIDPP discovery, while their motions to dismiss are pending before the Court, as explained in Defendants' August 10, 2018 Partially Unopposed Motion (1) For An Extension of Time To Respond To Plaintiffs' Complaint And (2) To Defer the Filing of Defendants' Answer And The Parties' Joint Status Report, Dkt. No. 25. Plaintiffs' position is that Defendants should file an answer on August 31, 2018, making all parties' mandatory initial discovery response due on October 1, 2018. ESI discovery would then be due by November 12, 2018.

    C.    The parties' MIDPP Discussions:

        i.  Plaintiffs' position is that their injunctive and state law claims should proceed pursuant to the requirements of the MIDPP—even though the Defendants intend to file motions to dismiss. The relevant standing order clearly states that while the Court may defer the responsive pleading deadline for good cause if the defendants file a motion to dismiss, it is not required to do so. The Court should not do so in this case because doing so would only result in unnecessary delay in discovery and could delay a potential settlement of this matter. Plaintiffs have clearly pled ongoing harm as a result of being included in the Gang Database— the mere fact of being in the Database subjects the Plaintiffs to substantial risks of serious harms and future rights violations due to CPD's information-sharing policies and practices. To the extent Defendants dispute the organizational plaintiffs' standing, that is an issue of fact that requires discovery. Further, any immunity arguments Defendants may make will not affect Plaintiffs' injunctive claims.

          As explained above, Defendants seek to defer the filing of their answers, and the consequent commencement of MIDPP discovery, while their motions to dismiss are pending. Defendants plan to file motions to dismiss based on standing and immunity grounds (as well as merits-based grounds) on August 31, 2018. Those motions will also argue that Plaintiffs do not establish future injury as required to seek injunctive relief. Defendants contend that, pursuant to Paragraph A.3 of the MIDPP Standing Order, the Court should defer the responsive pleading deadline and their obligations under the MIDPP until the Court rules on the motions to dismiss. Defendants further submit that, given the extremely broad scope of the Complaint's factual allegations, legal claims, and desired injunctive relief, it would be more efficient to defer the commencement of discovery (should any claims survive dismissal) until after the Court rules on Defendants' Rule 12 motions, as such ruling could significantly narrow the issues in the case, which, in turn, would significantly narrow the scope of discovery and the consequent burdens on the parties and the Court.

          Additionally, the parties disagree over whether or not discovery would be burdensome. Plaintiffs' position is that producing the initial discovery responses under the MIDPP would not be burdensome, particularly for Plaintiffs' injunctive claims because: 1) the CPD has already produced many of the relevant documents Plaintiff is seeking to the Inspector General; and 2) most documents Plaintiff seeks, including policy and practices materials, are subject to Freedom of

      Information Act requests. Defendants do not concede that CPD has already produced documents that would be responsive to initial discovery in this case. Defendants also submit that, even if documents have been previously produced in other contexts, their production in this case could pose additional burdens, given the requirements of federal discovery and the burdens of redacting personal or other sensitive information. Defendants further maintain that such discovery would be burdensome at this time in light of the MIDPP's ESI production requirements.

    ii. The parties have discussed but have not resolved the above disagreements.

**3. Case Plan**

  A.    Pending Motions: Plaintiffs filed a motion to certify the class and sub-class on June 19, 2018. Dkt. No. 5. The Court thereafter continued that motion until the first initial status hearing, scheduled for Tuesday, August 21, 2018. Dkt. No. 12. On July 19, 2018, Mr. Erick B. Coleman filed a Motion for Leave to Amend the Complaint, requesting to be added as a named plaintiff. Dkt. No. 19. On August 10, 2018, Defendants filed a motion (1) for an extension of time to respond to Plaintiffs' complaint and (2) to defer the filing of Defendants' answer and the parties' joint status report. Dkt. No. 25.

  B.    Defendants anticipate filing motions to dismiss on behalf of the City and Individual Defendants on August 31, 2018.

  C.    Proposed Discovery Plan:

Plaintiffs' position:

    i. Plaintiffs intend to seek pattern and practice discovery regarding the following: policies, procedures, and training materials regarding the CPD's use and maintenance of the Gang Database and sharing of the Gang Database with other agencies; all data from the CLEAR Gang Database, with appropriate redactions; samplings of arrest reports of individuals on the Database; and documents relevant to the individual Plaintiffs' claims. Plaintiffs anticipate taking more than forty (40) depositions of fact witnesses in this case, including but not limited to the depositions of City policymakers, CPD command staff, officials with the Inspector General's ("IG's") Office, individual police officers, and the individual Police Officer Defendants, as well as multiple FED. R. CIV. P. 30(b)(6) depositions concerning the CPD's policies and practices pertaining to the Database.

    ii. Plaintiff anticipates that discovery will encompass ESI, including electronic searches of the Database and emails of CPD officers.

4

    iii. At this time, there are no issues about claims of privilege. The parties anticipate the need for protective orders as the case proceeds.

    iv. N/A (MIDPP case)

    v. Fact Discovery Deadline: February 3, 2020.

    vi. Expert Discovery: Plaintiffs anticipate relying on experts.

1. Plaintiffs' Rule 26(a)(2) disclosures due by March 3, 2020.
2. Defendants to depose Plaintiffs' experts by April 3, 2020.
3. Defendants' expert disclosures due by May 4, 2020.
4. Plaintiffs to depose Defendants' experts and disclose any rebuttal experts by June 4, 2020.
5. Defendants to depose any rebuttal experts by July 3, 2020.

    vii. Given the complexity of the case and the number of Plaintiffs and Defendants, Plaintiffs anticipate that more than forty (40) depositions of fact witnesses will be necessary in this case, as well as multiple 30(b)(6) depositions.

    viii. The parties must supplement their mandatory initial discovery responses by November 1, 2018.

    ix. Plaintiffs suggest a dispositive motion deadline sixty (60) days following the Court's ruling on Plaintiffs' motion to certify the class.

Defendants' position:

For the reasons explained earlier in this document, it is premature to set a discovery plan at this point. Defendants submit that it would be more efficient to set a discovery plan after the Court rules on Defendants' motions to dismiss, as such ruling could significantly narrow the issues in the case, and thereby reduce the substantial burdens posed by Plaintiffs' proposed discovery plan. As shown above under Plaintiffs' position, Plaintiffs seek extremely broad discovery that would take nearly two years to conduct. Further, given the breadth of Plaintiffs' allegations and the numerous legal claims raised by Plaintiffs, Defendants have not yet been able to fully assess their discovery needs or the timeframe for staggering and completing such discovery.

    D. Plaintiffs have not demanded a trial by jury. Plaintiffs anticipate that a trial would last at least two weeks or more on the merits, following a hearing on the certification of the class. Defendants have not yet stated their position on trial by jury, as they have not yet filed their answers.

    **4. Settlement**

    A. Plaintiffs have communicated to defense counsel that they are open to resolving their claims via the settlement and mediation process. Defendants have likewise indicated their openness to exploring the possibility of settlement.

    B. Although Plaintiffs are prepared to engage in preliminary discussions, Plaintiffs do not believe a settlement conference would be productive until Defendants have disclosed their mandatory initial discovery responses. Defendants submit that a settlement conference could potentially be productive before the exchange of discovery, depending on Plaintiffs' demands, which Defendants have not yet received.

**5. Consent to Proceed Before a United States Magistrate Judge**

    A. Counsel for the parties do not consent to proceed before a magistrate judge.

Dated: August 14, 2018                                             Respectfully submitted,


/s/ Vanessa del Valle_____                              /s/ Andrew Worseck_____
Counsel for the Plaintiffs                                         Counsel for the Defendants



| | |
|---|---|
| Sheila A. Bedi | Brendan Shiller |
| Vanessa del Valle | Chris Bergin |
| MacArthur Justice Center | Tia Haywood |
| Northwestern Pritzker School of Law | Shiller Preyar LLC |
| 375 E. Chicago Avenue | 601 S. California Avenue |
| Chicago, IL 60611 | Chicago, IL 60612 |
| (312) 503-2492 | (312) 226-4590 |
| | |
| Elizabeth A. Homsy | Joey L. Mogul |
| The Law Officers of Elizabeth A. Homsy | People's Law Office |
| 2506 N. Clark Street | 1180 N. Milwaukee Ave. |
| Suite 286 | Chicago, IL 60622 |
| Chicago, IL 60614 | (773) 235-0070 |
| (773) 988-3486 | |

*Counsel for the Plaintiffs and the Plaintiff class*

Andrew Worseck
Andrew.Worseck@cityofchicago.org
Tara Kennedy
Tara.Kennedy@cityofchicago.org
Jordan Rosen
Jordan.Rosen@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7129 / 744-9028 / 744-9018

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 14, 2018, she caused the foregoing document to be served upon all counsel of record by filing the document using the Court's CMECF system.

/s/ Vanessa del Valle