IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHICAGOANS FOR AN END TO THE GANG DATABASE: BLACK YOUTH PROJECT 100 CHICAGO, BLOCKS TOGETHER, BRIGHTON PARK NEIGHBORHOOD COUNCIL, LATINO UNION, MIJENTE, and ORGANIZED COMMUNITIES AGAINST DEPORTATION, as well as DONTA LUCAS, JONATHAN WARNER, LESTER COOPER, and LUIS PEDROTE-SALINAS, on behalf of themselves and a class of similarly situated persons,<br><br>                 Plaintiffs,<br><br>       v.<br><br>CITY OF CHICAGO, SUPERINTENDENT EDDIE JOHNSON, and CHICAGO POLICE OFFICERS MICHAEL TOMASO (#6404), MICHAEL GOLDEN (#15478), PETER TOLEDO (#2105), JOHN DOES 1-4, and JANE DOES 1-2,<br><br>                 Defendants. | Case No. 18-cv-04242<br><br>Hon. Andrea R. Wood |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants City of Chicago (the "City"), Eddie Johnson, Michael Golden, Peter Toledo, and Michael Tomaso (collectively "Defendants"), by their counsel, Edward N. Siskel, Corporation Counsel for the City of Chicago, respectfully move this Court to dismiss Plaintiffs' Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support of their motion, Defendants state as follows:

1. In their Complaint, Plaintiffs Chicagoans for End to the Gang Database: Black Youth Project 100 Chicago, Blocks Together, Brighton Park Neighborhood Council, Latino Union, Mijente, Organized Communities Against Deportation ( "Organization Plaintiffs"), Donta

Lucas, Jonathan Warner, Lester Cooper, and Luis Pedrote-Salinas, seek to hold the City and individual Chicago Police Department ("CPD") officers liable in connection with the collection, maintenance, and use of gang affiliation information in CPD's CLEAR database. Plaintiffs claim that CPD officers erroneously designate individuals as affiliated with a gang, there is no procedure to challenge such designations, and the designations may subsequently be relied upon by the police or other law enforcement officials in the future in a way that harms Plaintiffs. Plaintiffs allege that these actions violate their rights and the rights of putative class members under the Due Process Clause, the Equal Protection Clause, the Fourth Amendment, and under the Illinois Civil Rights Act and the Individual Plaintiffs also bring claims under state law malicious prosecution, respondeat superior, and indemnification doctrine.

2. At this time, Defendants respectfully move the Court to dismiss Counts I, II, III, IV, VI, VII, VIII, X, XI, XII, and XIII in their entirety, and Count V as pled against the named Defendants. Count IX is a claim by Plaintiff Pedrote under the Fourth Amendment against two unidentified police officers, and a portion of Count V is pled by Plaintiffs Lucas and Cooper against four unidentified police officers. The unidentified officers have not yet been named or served, and, consequently, counsel does not represent them at this point. Accordingly, dismissal of Count V to the extent that it sues the unidentified officers, and dismissal of Count IX, is not sought at this time.

3. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) requires dismissal when the court lacks subject matter jurisdiction over a claim. Standing is an essential jurisdictional component of Article III's case-or-controversy requirement; it is "'not a mere pleading requirement but rather an indispensable part of the plaintiff's case[.]'" Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009) (quoting Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992)). Article III standing requires (1) an injury-in-fact to a legally protected interest, (2) a causal nexus whereby the injury is fairly traceable to defendant's actions, and (3) redressability of the injury by court action. Lujan, 504 U.S. at 560-61. The Plaintiff bears the burden of establishing these elements. Id. at 561. Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating both types of motions, the court considers all well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. See Tobin for Governor v. Ill. State Bd. of Elections, 268 F.3d 517, 521 (7th Cir. 2001). Allegations that are mere conclusions are not entitled to the presumption of truth. See Iqbal, 556 U.S. at 678. And a plaintiff may plead himself out of court if the pleadings allege facts showing that the plaintiff cannot state a claim. See Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002).

   4.  As set forth more fully in Defendants' Memorandum in Support of their Motion to Dismiss, incorporated as if set forth fully herein, Plaintiffs lack Article III standing to seek injunctive relief, and accordingly Counts I, II, and III should be dismissed in their entirety and Counts V and VI should be dismissed to the extent that they seek injunctive relief, pursuant to Fed R. Civ. P. 12(b)(1). To have standing for injunctive relief the plaintiff must show that he will suffer an injury in the future that is "certainly impending," or that there is a "substantial risk" that future harm will occur; an injury that is merely "conjectural or hypothetical" is not enough. Swanigan v. City of Chicago, 881 F.3d 577, 583 (7th Cir. 2018) (citations omitted).

See also Simic v. City of Chicago, 851 F.3d 734, 738 (7th Cir. 2017). Plaintiffs cannot show that it is certain, or even that there is a substantial risk, that their alleged gang designations will be used against them in the future.

5. A separate standing deficiency concerns the Organization Plaintiffs, who are parties to Counts I, II, III, and IV. The Organization Plaintiffs should be dismissed as parties to these counts because they lack Article III standing to assert claims, either on their own behalf or on behalf of their members. The Organization Plaintiffs do not have standing to sue on their own behalf because they have not adequately alleged that they suffered an injury in fact that was caused by Defendants. See Plotkin v. Ryan, 239 F.3d 882, 884 (7th Cir. 2001). They likewise lack standing to sue on behalf of their members because (1) they do not identify any member who suffered any harm, (2) they fail to establish that the interests they seek to protect are "germane" to their ordinary purposes, and (3) Plaintiffs' claims would require the individual members themselves to participate. See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977); Summers v. Earth Island Inst., 555 U.S. 488, 499 (2009).

6. Counts I, II, III, IV, VI, VII, VIII, X, XI, XII, and XIII also fail on the merits and should therefore be dismissed for failure to state a claim pursuant to Rule 12(b)(6), as detailed below.

7. In Counts I, V, and VIII, Plaintiffs allege that Defendants violated due process. These counts fail to state a claim for a number of reasons. First, even though CPD strives for accuracy in its reports and understands the import of police records, numerous courts have held that, when inaccuracies occur, these do not implicate a due process interest. Thus, inaccurately designating someone as a gang member, without more, cannot form the basis of a due process claim. Second, Plaintiffs do not identify a deprivation of a constitutionally-protected interest

4

without due process that resulted from their alleged gang designations. Finally, considering Plaintiffs' claims under the four factors enumerated in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), due process does not require the additional procedures Plaintiffs demand.

8. Counts II and VI allege equal protection violations. These also fail to state a claim. To state an equal protection claim, Plaintiffs must show that Defendants' treatment of them was motivated by a discriminatory purpose, and had a discriminatory effect. Plaintiffs fail to show either.

9. Counts III, VII, and IX bring Fourth Amendment claims. These counts should be dismissed because Plaintiffs fail to allege that there was no lawful basis for Defendants' actions.

10. Counts I, II, III, V, and VI should also be dismissed as against the City and Superintendent Johnson because Plaintiffs fail to state a basis for holding them liable for alleged violations committed by individual police officers.

11. Additionally, Counts V and VII should be dismissed against the named individual police officers because qualified immunity bars Plaintiffs' claims.

12. Finally, because Plaintiffs' federal claims should be dismissed, the Court may decline to exercise supplemental jurisdiction over Counts IV, X, XI, and XII, which bring claims under state law. See 28 U.S.C. § 1367(c).

13. Should the Court exercise supplemental jurisdiction over Plaintiff's state law claims in Count IV and X, which allege that the City's alleged policy of disproportionately designating Black and Latinx individuals as affiliated with a gang violates the Illinois Civil Rights Act ("ICRA"), these claims should be dismissed pursuant to Rule 12(b)(6). Plaintiffs fail to state a claim because they fail to identify a specific City practice that caused a disparate impact, as required by ICRA. Evan had Plaintiffs alleged the required policy, they also fail to

5

allege facts demonstrating that the alleged policy results in tangible, adverse effects on Black or Latinx individuals on a disparate basis.

14. Should the Court exercise supplemental jurisdiction over Plaintiff Warner's claim for malicious prosecution in Count XI, it should also be dismissed because he does not show that the case against him was terminated in a way indicative of his innocence, or that the arresting officer maliciously initiated the charge against him.

15. Finally, Plaintiffs' claims under respondeat superior and for indemnification in Counts XII and XIII should also be dismissed. Both claims are viable only if the Individual Defendants are liable for wrongdoing in their individual capacities, and, for the reasons set forth above and in Defendants' Memorandum in Support of their Motion, they are not. Counts XII and XIII should therefore be dismissed.

16. Concurrently herewith, Defendants file their memorandum in support of this motion, which more fully discusses the reasons why the Class Action Complaint should be dismissed in its entirety (other than claims against the unnamed individual defendants), and which is incorporated herein by reference.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court dismiss Counts I, II, III, IV, VI, VII, VIII, X, XI, XII, and XIII of Plaintiffs' Class Action Complaint in their entirety, dismiss Count V as alleged against the named Defendants, and grant such further relief as this Court deems just and appropriate.

Date: September 14, 2018

Respectfully submitted,

EDWARD N. SISKEL,
Corporation Counsel for the City of Chicago

By: /s/ Tara Kennedy
Assistant Corporation Counsel

Andrew Worseck
Andrew.Worseck@cityofchicago.org
Tara Kennedy
Tara.Kennedy@cityofchicago.org
Jordan Rosen
Jordan.Rosen@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial
Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7129 / 9028 / 9018
