# Exhibit A

| Chicago Police Department | General Order G10-01-03 |
|---|---|
| **CRIMINAL ENTERPRISE INFORMATION SYSTEM** | |

| ISSUE DATE: | To Be Determined | EFFECTIVE DATE: | To Be Determined |
|---|---|---|---|
| RESCINDS: | S10-02-01, 17 June 2015 Version | | |
| INDEX CATEGORY: | Gang and Narcotic Abatement | | |

I. **PURPOSE**

This directive introduces:

A. the Criminal Enterprise Information System;

B. revised criminal enterprise and gang membership identification criteria for use in making entries into the Criminal Enterprise Information System;

C. procedures for entering persons into the Criminal Enterprise Information System, and for reviewing, auditing, and purging listings from the Criminal Enterprise Information System; and

D. the Criminal Enterprise Information System Access form (CPD-31.615) and the Criminal Enterprise Information System Appeal form (CPD-31.635).

II. **ILLINOIS COMPILED STATUTES (ILCS)**

Illinois Compiled Statutes, 740 ILCS 147 — Illinois Street Gang Terrorism Omnibus Prevention Act.

A. 740 ILCS 147/5(a) — The General Assembly finds and declares that it is the right of every person, regardless of race, color, creed, religion, national origin, sex, age, or disability, to be secure and protected from fear, intimidation, and physical harm caused by the activities of violent groups and individuals. It is not the intent of this Act to interfere with the exercise of the constitutionally protected rights of freedom of expression and association. The General Assembly hereby recognizes the constitutional right of every citizen to harbor and express beliefs on any lawful subject whatsoever, to lawfully associate with others who share similar beliefs, to petition lawfully constituted authority for a redress of perceived grievances, and to participate in the electoral process.

B. 740 ILCS 147/5(b) — The General Assembly finds that urban, suburban, and rural communities, neighborhoods and schools throughout the State are being terrorized and plundered by street gangs. The General Assembly finds that there are now several hundred street gangs operating in Illinois, and that while their terrorism is most widespread in urban areas, street gangs are spreading into suburban and rural areas of Illinois.

III. **SCOPE**

The purpose of the Criminal Enterprise Information System is to collect and manage intelligence on criminal enterprises and street gangs to prevent, detect, and investigate criminal activity.

IV. **CRIMINAL ENTERPRISE INFORMATION SYSTEM**

A. The Criminal Enterprise Information System is a CLEAR application used for the entry of information based on evidence of a person's membership in a criminal enterprise or street gang.

B. The Department will:

1. in consultation with the Office of Public Safety Administration, establish the Criminal Enterprise Information System CLEAR application for use by authorized Department members; and

2. initially gather existing Department information on criminal enterprises and gangs in conjunction with the appropriate Department personnel, and will apply the criteria delineated

in Item VI of this directive to that information before entry into the Criminal Enterprise Information System. It is within the Department's sole discretion to determine which information to gather and use for this purpose.

C. Only Department members who have completed the new user and any required continuing education training will have access to the Criminal Enterprise Information System. Department members will not identify an individual as a member of a criminal enterprise or a street gang in the Criminal Enterprise Information System unless the individual meets the criteria for inclusion set forth in this Directive.

D. Upon initial approval of the appropriate watch operations lieutenant of the district of entry, all information initially approved for entry into the Criminal Enterprise Information System will be reviewed by the appropriate district intelligence officer for accuracy and submitted to the watch operations lieutenant's work queue for final approval or rejection.

E. The Deployment Operations Center has final authority to audit, remove, and manage information within the Criminal Enterprise Information System, unless as otherwise delineated in Item IX-C of this directive.

V. **DEFINITIONS**

A. **Criminal Enterprise** — A group of persons with an identified hierarchy or comparable structure engaged in a course or pattern of criminal activity.

B. **Street Gang** — "Street gang" or "gang" or "organized gang" or "criminal street gang" means any combination, confederation, alliance, network, conspiracy, understanding, or other similar conjoining, in law or in fact, of three or more persons with an established hierarchy that, through its membership or through the agency of any member engages in a course or pattern of criminal activity in accordance with the Illinois Street Gang Terrorism Omnibus Prevention Act (740 ILCS 147).

C. **Criminal Activity** — The commission, attempted commission, or solicitation, in association with or with intent to promote criminal conduct by criminal enterprise or street gang members, of two or more acts of the following offenses, at least one of which occurred within the last five years: murder; drug-induced homicide; kidnapping; forcible detention; aggravated assault—discharging firearm; aggravated battery; heinous battery; aggravated battery with a firearm; aggravated battery of a child; aggravated battery of a senior citizen; intimidation; compelling organization membership of persons; home invasion; aggravated criminal sexual assault; robbery; armed robbery; burglary; residential burglary; criminal fortification of a residence or building; arson; aggravated arson; possession of explosives or incendiary devices; unlawful use of weapons; unlawful use or possession of weapons by felons or persons in the custody of the Department of Corrections; aggravated discharge of a firearm; mob action—violence; bribery; armed violence; manufacture or delivery of cannabis; cannabis trafficking; calculated criminal cannabis conspiracy and related offenses; illegal manufacture or delivery of a controlled substance; controlled-substance trafficking; calculated criminal drug conspiracy and related offenses.

D. **Status Identification** — The identification of a person as a member of a criminal enterprise or street gang in the Criminal Enterprise Information System.

E. **Qualifying Criminal Offense** — Any offense that involves force or the threat of force against another individual or the use or possession of a firearm or other deadly weapon; requires registration as a sex offender (including human trafficking); involves violation of an order of protection or civil no contact order or stalking; involves the illegal manufacture, trafficking, delivery, or possession with intent to distribute a controlled substance; or involves gang membership, intimidation, solicitation, association, or recruitment as an element of the offense. Qualifying criminal offenses include the specific offenses listed in the preceding definition of Criminal Activity.

VI. **CRIMINAL ENTERPRISE AND GANG MEMBERSHIP IDENTIFICATION CRITERIA**

A. Criminal enterprises and street gangs will be identified on the basis of specific, documented, and reliable information, including but not limited to:

1. analysis of crime pattern information;

2. observations by Department members;

3. witness interviews;

4. interviews of admitted criminal enterprise or street gang members; and

5. information received from informants who have proven to be reliable to the Department in the past.

B. This section concerns identification of a person in the Criminal Enterprise Information System as a member of a criminal enterprise or street gang ("Status Identification"). The lack of a Status Identification as to any person does not establish and is not evidence that the person is not a member of a criminal enterprise or street gang. The criteria for making a Status Identification in the Criminal Information System have been derived solely for that purpose, and not for any other purpose, and do not limit in any way the facts that are or may be relevant to proving membership in a criminal enterprise or street gang in any other forum or context, including in court. If the Department does make such a Status Identification, it must be substantiated by specific, documented, and reliable information received by the Department within the past five years, except as delineated below in Item VI-B-2-c of this directive, and in accordance with the following:

1. The person's own voluntary admission of membership on lawfully captured electronic or video recorded communications, such as (without limitation) body-worn camera, in-car video system recordings, electronically recorded interview, electronic communications, or a consensual overhear device; or

2. Two or more of the following criteria, provided, however, that a Status Identification may not be based solely upon a combination of criteria (b) and (d):

    a. an unrecorded or non-intercepted statement provided voluntarily by the person, or if a statement is made pursuant to a custodial interrogation, a statement provided by the person following a valid waiver of his or her constitutional rights.

    b. the wearing of distinctive emblems, tattoos, or similar markings indicative of a specific criminal enterprise or street gang, but only when such emblems, tattoos, or similar markings would not reasonably be expected to be displayed by any individual except a member of that criminal enterprise or street gang.

    **NOTE:** Membership may not be established solely because an individual is wearing specific items of clothing which are available for sale to the general public.

    c. the identification of the person as a member of a specific criminal enterprise or street gang by a person who has provided reliable information to the Department in the past, provided, however, that such identification occurred within the past two years.

    d. the use of distinctive signals or symbols indicative of a specific criminal enterprise or street gang but only when such signals or symbols would not reasonably be expected to be displayed by any individual except a member of that criminal enterprise or street gang.

    **NOTE:** Department members must document the distinctive nature of any signals or symbols used and its association with a specific criminal enterprise or street gang identified.

    e. the identification of the person as a member of a specific criminal enterprise or street gang by another government agency or a federal, state, or local penal institution.

    f. a violation, arrest, charge, petition for delinquency, finding of delinquency, or conviction where gang membership or participation is either an element of the offense or documented in the complaint or court record as part of the criminal design or motive.

**NOTE:** Determinations regarding a person's membership in a criminal enterprise or street gang will not be based solely on that person's race, gender, religion, ethnicity, culture, socioeconomic status, or other protected classes consistent with G02-04, "**Prohibition Regarding Racial Profiling and Other Bias Based Policing**."

VII. **PROCEDURES FOR ENTERING PERSONS INTO THE CRIMINAL ENTERPRISE INFORMATION SYSTEM**

A. Following obtaining information to be approved for a Status Identification into the Criminal Enterprise Information System, Department members will:

1. enter all information to make a Status Identification into the CLEAR Criminal Enterprise Information System in accordance with the established criteria as delineated in Item VI-B of this directive through an Automated Arrest Report;

   **NOTE:** Information will only be entered into the Criminal Enterprise Information System during the completion of an Automated Arrest Report unless otherwise delineated in Item VII-E of this directive.

2. make notation of any visible scars, marks, or tattoos, if applicable, and that the information is readily available;

3. confirm that all evidentiary electronic media relied upon in making the referenced identification is properly attached or saved, if applicable; and

4. submit the Automated Arrest Report including the preliminary entry of a Status Identification into the Criminal Enterprise Information System to the district station supervisor for review.

B. Upon receiving notification of an Automated Arrest Report containing information to be approved for a Status Identification in the Criminal Enterprise Information System, the district station supervisor of the district of entry will:

1. review the information submitted for entry into the Criminal Enterprise Information System for completeness; and

2. forward the Automated Arrest Report containing information for a Status Identification to the watch operations lieutenant for approval.

C. Upon receiving notification of an Automated Arrest Report containing information to be approved for a Status Identification in the Criminal Enterprise Information System, the watch operations lieutenant of the district of entry will review the information submitted for entry into the Criminal Enterprise Information System for completeness, accuracy, and to confirm that the information submitted for a Status Identification is in accordance with the established criteria delineated in Item VI-B of this directive. Upon review, the watch operations lieutenant will:

1. submit the initial approval of the entry of information into the Criminal Enterprise Information System based on established criteria and supporting documentation to the district intelligence officer for review or reject the entry into the Criminal Enterprise Information System based on the provided entry information; and

2. submit final approval or rejection of the entry for a Status Identification in the Criminal Enterprise Information System based on the review of the information by the district intelligence officer.

        **NOTE:**    Watch operations lieutenants will be responsible for periodically reviewing their work queue to ensure the timely processing of information for final approval or rejection into the Criminal Enterprise Information System. Upon final approval of a Status Identification, an email will be automatically generated and sent to the district intelligence officer in the district of entry and the designated members of the area Gang Investigation Teams in the area of entry for notification purposes.

D.    Upon receiving notification of information to be reviewed for entry into the Criminal Enterprise Information System, the district intelligence officer will:

    1.    review and confirm the accuracy of the information initially approved for a Status Identification into the Criminal Enterprise Information System;

    2.    indicate the results of the review and add any additional or supporting information to the entry for a Status Identification; and

    3.    submit the entry for a Status Identification into the Criminal Enterprise Information System to the watch operations lieutenant's work queue for final approval or rejection.

    **NOTE:**    District intelligence officers will be responsible for periodically reviewing their work queue to ensure the timely review of information to be entered into the Criminal Enterprise Information System.

E.    Departmental units with follow-up or long-term-investigative authority and capabilities outside of district law enforcement can enter Status Identification information in the Criminal Enterprise Information System upon the initial approval of his or her immediate supervisor and final approval of his or her unit commanding officer.

    **NOTE:**    The individual must be positively identified before the information for a Status Identification can be submitted for approval.

**VIII.    CRITERIA FOR REMOVAL FROM THE CRIMINAL ENTERPRISE INFORMATION SYSTEM**

A.    A person's Status Identification and other records pertaining to the person will be removed from the Criminal Enterprise Information System, as delineated in Item IX of this directive, when he or she has not committed any act in furtherance of gang or criminal-enterprise-related activity or has not been arrested, charged, convicted, petitioned for delinquency, or been found delinquent of a qualifying criminal offense within the past five years. If an arrest, charge, petition for delinquency, finding of delinquency, or conviction was part of the determination that led to the person's entry into the Criminal Enterprise Information System, this five-year period begins following the date of favorable release or discharge from custody, probation, supervision, incarceration, or parole for that offense, whichever is later.

B.    A person's Status Identification and other records pertaining to the person will be removed from the Criminal Enterprise Information System, in accordance with Item IX of this directive, if the information underlying the Status Identification does not meet the criteria delineated in Item VI-B of this directive.

**IX.    ACCESS AND REMOVAL OF INFORMATION FROM THE CRIMINAL ENTERPRISE INFORMATION SYSTEM**

A.    Any person may obtain general information about the access and removal process through a link provided on the Department's website or by sending a general inquiry by email to gangstatusinquiry@chicagopolice.org.

B.    Any person or his or her counsel may seek to access his or her own Status Identification in the Criminal Enterprise Information System. A parent or legal guardian of a minor under the age of

eighteen may make a request for access to the Status Identification of a minor person for whom he or she is legally responsible.

1. To access the referenced Status Identification, a person must:

    a. make a request at the at the City Clerk's Office located at 121 North LaSalle Street, #107; at the Department's Access and Review Unit, Records Division, located at Public Safety Headquarters, 3510 South Michigan Avenue, 1st floor, Monday through Friday, 0800–1500 hours, excluding holidays; or at the following Chicago Police Department district stations which are operational on a 24 hours a day, 7 days a week basis, including holidays:

        (1) the 002nd district located at 5101 South Wentworth Avenue;

        (2) the 005th district located at 727 East 111th Street;

        (3) the 020 district located at 5400 North Lincoln Avenue;

        (4) the 011th district located at 3151 West Harrison Street;

        (5) the 025th district located at 5555 West Grand Avenue;

    b. complete the Criminal Enterprise Information System Access form (CPD-31.615) provided by the Department; and

    c. submit valid government identification (including the City of Chicago Municipal Identification Card also known as the "CityKey") sufficient to ensure that the individual is seeking the information only as to his or her own Status Identification. Department and the City Clerk's Office will accept, in their discretion, alternative forms of identification for those who do not have a government ID, such as two of the following: credit cards, court documents, school ID, a notarized statement of identification or mail addressed to the individual from a government entity.

        **NOTE:** A minor's parent or legal guardian making a request on behalf of a minor must provide sufficient legal documentation to verify that he or she is the parent or legal guardian. These documents would include birth certificates and guardianship papers. An attorney making a request on behalf of a person must present proof of licensure as an attorney, as well as an affidavit executed by the person on whose behalf the request is made stating that the person has authorized counsel to make the request.

2. Upon receipt of an appropriately completed Criminal Enterprise Information System Access form:

    a. Department members will verify the requestor's identification in accordance with Item IX-B-1-c of this directive;

    b. District law enforcement personnel will forward the request and any related supporting documentation to the Access and Review Unit, Records Division;

    c. Access and Review Unit personnel will review all received requests to access the Status Identification in the Criminal Enterprise Information System and inquire into the Status Identification of the person.

3. Within 90 days of receipt of a completed Criminal Enterprise Information System Access form, the Access and Review Unit will communicate in writing to the requester the results of the Status Identification request indicating that at the time of request and review, the person:

    a. does not currently have a Status Identification in the Criminal Enterprise Information System based upon the criteria delineated in Item VI-B of this directive. In such a case, the communication will also state: "Notwithstanding any other Departmental records that may or may not exist, gang membership or affiliation information in



Departmental records is not necessarily independently verified. The Chicago Police Department makes no representations regarding the current accuracy of this information;" or

    b. currently has a Status Identification in the Criminal Enterprise Information System. If the person has a Status Identification, the letter will also include:

        (1) the criteria delineated in Item VI-B of this directive that was used for the person's entry into the Criminal Enterprise Information System;

        (2) copies of the records, photographs and/or recordings upon which the Status Identification was made, provided, however, that the Department may choose not to release such information to the person if it would risk revealing or compromising confidential sources, impede or risk impeding law enforcement activities, or risk endangerment of a person. If information is so withheld and the person pursues an appeal of his or her Status Identification, the Department will, upon request of the appellant, provide the withheld information to the Police Board for its confidential consideration.

        (3) the date and time of entry of the person's Status Identification;

        (4) the process to appeal the person's Status Identification.

C. Any person or his or her counsel may seek to appeal his or her Status Identification. A parent or legal guardian of a minor under the age of eighteen, or his or her counsel may file such a Status Identification appeal on behalf of a minor person for whom he or she is legally responsible.

    1. Such an appeal may be based only on the following grounds:

        a. the person shows that he or she has satisfied the provisions delineated in Item VIII-A of this directive. If the person has an arrest, charge, conviction, petition for delinquency, or finding of delinquency for a qualifying criminal offense within the past five years that would otherwise prevent the person from satisfying the provisions delineated in Item VIII-A of this directive, those provisions will nonetheless be deemed satisfied if:

            (1) the person demonstrates that the arrest, charge, conviction, petition for delinquency, or finding of delinquency has been expunged, or a certificate of innocence has been issued; or

            (2) where the qualifying criminal offense is solely for the use of force or the threat of force against another, the person demonstrates that the offense took place during school hours on the grounds of a primary or secondary school where the person was enrolled as a student, and that the offense did not involve use of a weapon or serious physical injury.

        b. the person shows that information supporting his or her Status Identification does not satisfy the criteria delineated in Item VI-B of this directive.

        **NOTE:** Provided, however, that if a person's Status Identification in the Criminal Enterprise Information System is substantiated in accordance with Item VI-B of this directive by information additional to that contained in said information system, the appeal will be denied and said information system will be updated accordingly.

2.  To appeal one's Status Identification, a person must:

    a.  complete the Criminal Enterprise Information System Appeal form (CPD-31.635) provided by the Department;

        **NOTE:** A minor's parent or legal guardian making a request on behalf of a minor must provide legal documentation to verify that he or she is the parent or legal guardian.

    b.  file an appeal at the Chicago Police Board, utilizing the procedures promulgated by the Police Board.

3.  Upon receipt of a completed Criminal Enterprise Information System Appeal form, individuals uninvolved in the initial decision to designate from the Deployment Operations Center, Gang Investigation Team personnel of the affected area, and the district intelligence officer of the affected district will review the submission and consult with the Audits and Inspections Division, to determine if the criteria for removal from the Criminal Enterprise Information System is met.

    **NOTE:** The Deployment Operations Center has the final authority to determine if the criteria has been met for removal.

4.  If the Deployment Operations Center determines that the criteria for removal have been met, the Department, in consultation with the Office of Public Safety Administration, will remove the person's Status Identification and other records pertaining to the person from the Criminal Enterprise Information System. The Department will further provide the individual with the written document including the disclaimer described in Item IX-B-3-a of this directive.

5.  If the Department determines to contest the appeal, the Legal Affairs Division, will be responsible for presenting the Department's position and all relevant supporting information to the Police Board, utilizing the procedures promulgated by the Board.

6.  If the appeal is granted by the Police Board, the Department, in consultation with the Office of Public Safety Administration, will remove the person's Status Identification and other records pertaining to the person from the Criminal Enterprise Information System. The Department will further provide the individual with the written document including the disclaimer described in Item IX-B-3-a of this directive.

    **NOTE:** Persons who meet the criteria for removal of their Status Identification will have their Status Identification and other records pertaining to the person removed only from the Criminal Enterprise Information System. Historical records will be maintained in source data systems, as appropriate, and subject to federal, state, and local laws.

## X. RESPONSIBILITIES

A.  District commanders will:

    1.  require that the district intelligence officer:

        a.  reviews and confirms the accuracy of information initially approved for a Status Identification into the Criminal Enterprise Information System and that the making of a Status Identification is consistent with Item VI-B of this directive;

        b.  follows all additional provisions delineated in Item VII-D of this directive; and

        c.  reviews all requests to appeal the status of gang/criminal enterprise membership in the Criminal Enterprise Information System consistent with Item IX-C of this directive.

      2. ensure that district watch operations lieutenants follow the provisions delineated in Item VII-C of this directive.

      3. annually, in coordination with the area Gang Investigation Teams personnel and other designated Departmental personnel, perform a gang audit in accordance with G10-01-01, "**Gang Audits**," updating information for accuracy in the Criminal Enterprise Information System accordingly. The scope of Gang Audits remains in the sole discretion of the Department.

      4. inform the Commander, Gang Investigation Division and the area Gang Investigation Teams supervisory personnel, if appropriate, before requesting to remove a Status Identification and other records pertaining to the person from the Criminal Enterprise Information System.

      5. inform the Commander, Deployment Operations Center, to review requests to remove a Status Identification and other records pertaining to the person from the Criminal Enterprise Information System.

      6. make general information about the access and removal process associated with the Criminal Enterprise Information System available to the general public at the district station.

B. The appropriate area Gang Investigation Teams personnel will:

      1. when possible, assist Department members with Status Identifications.

      2. review requests to appeal Status Identifications consistent with Item IX-C of this directive.

      3. coordinate with district intelligence officers in the performance of audits in accordance with Item X-A-3 of this directive.

      4. when appropriate, provide information to remove Status Identifications and other records pertaining to a person from the Criminal Enterprise Information System.

C. The Deployment Operations Center will:

      1. conduct random audits of the data entered into the Criminal Enterprise Information System and to ensure compliance with the authorized use of the Criminal Enterprise Information System by other law enforcement agencies in accordance with 28 CFR Part 23 and established agreements.

      2. finalize and update the Criminal Enterprise Information System:

          a. with all criminal street gangs and criminal enterprises identified during the district gang audit;

          b. upon the results of any conducted random audits when the removal of a Status Identification is appropriate;

          c. upon successful appeal of Status Identifications; or

          d. upon request of an area deputy chief, the Commander, Gang Investigation Division, or a district commander.

      3. publish in the Daily Bulletin any newly identified street gangs or criminal enterprises or when a criminal street gang or criminal enterprise has been eliminated from "active" status.

      4. inform the designated Departmental unit, when:

          a. it is appropriate to remove Status Identifications and other records pertaining to a person from the Criminal Enterprise Information System; and

          b. when a criminal street gang or criminal enterprise has been eliminated from "active" status.

D. The Department, in consultation with the Office of Public Safety Administration, will:

      1. maintain the Criminal Enterprise Information System.

      2. perform a review and removal of Status Identifications in the Criminal Enterprise Information System every five years, according to the criteria delineated in Item VIII-A of this directive.

3. upon consultation with the Commander, Deployment Operations Center, remove a Status Identification and other records pertaining to the person in accordance with Item VIII-A of this directive.

4. create an online website that provides general information to the public about:

    a. the Department's Criminal Enterprise Information System policy; and

    b. the process to access and appeal a person's Status Identification.

5. create and monitor the gangstatusinquiry@chicagopolice.org email address and establish a protocol to respond to emails from the general public with general information about how to access or appeal a person's Status Identification.

## XI. TRAINING

A. The Department, in consultation with the Office of Public Safety Administration, will create a user's guide outlining the procedures for utilizing the Criminal Enterprise Information System.

B. The Training Division, in consultation with the Deployment Operations Center, the Gang Investigation Division, and the Office of Operations, will establish an eLearning module on the use of the Criminal Enterprise Information System.

    1. Members will receive this training on an annual basis.

    2. Members must complete the eLearning module before gaining authorization to enter, retrieve, or approve information in the Criminal Enterprise Information System.

## XII. AUTHORIZED USE

A. The Criminal Enterprise Information System is available for use only by Department members and other law enforcement agencies with authorized access acting in furtherance of a legitimate law enforcement purpose. Information will not be disclosed to any third party for immigration, employment, education, licensing, or housing purposes. Nothing in this directive prevents disclosure of information when required by federal or state law. All access to the Criminal Enterprise Information System by other law enforcement agencies will follow the provisions delineated in G09-01-01 "**Access to Computerized Data, Dissemination and Retention of Computerized Data**."

    **EXCEPTION:** This directive or any associated agreements on data usage will not prohibit the Illinois State Police from using information contained in the Criminal Enterprise Information System for investigative purposes associated with a Concealed Carry License (CCL).

B. Department members are reminded that it is the policy of the Chicago Police Department that, pursuant to federal law, the enforcement of immigration law generally rests with the federal government and not with the state or local police. Department members will continue to follow the procedures outlined in S06-14-03, "**Responding to Incidents Involving Citizenship Status**," including compliance with the provisions of the City of Chicago's Welcoming City Ordinance.

## XIII. RECORD RETENTION

Any record maintained in the Criminal Enterprise Information System must comply with applicable local, state, and federal law. The Commander, Youth Investigations Division, will ensure juvenile records that are part of the Criminal Enterprise Information System are retained and expunged in accordance with the Juvenile Court Act and any applicable local, state, or federal law.

## XIV. NO CLAIMS CREATED HEREUNDER

A. The Criminal Enterprise Information System is solely a law enforcement tool. The procedures set forth in this directive are the internal procedures of the Department, voluntarily undertaken by the Department, regarding the gathering of certain information relevant to law enforcement. The

Department has legitimate discretion concerning the gathering of law enforcement information; such information, for example, need not meet standards of evidence for admissibility in court, comply with evidentiary rules, or be sufficient for conviction of a crime or a finding of liability. While these procedures provide certain persons with input into their Status Identifications as set forth in this directive (including the right to review of such Status Identifications by the Police Board), the procedures do not create any right to review of Police Board decisions and do not create any other rights or claims by such persons, or anyone else, including legal or equitable claims for relief of any kind whatsoever (including claims for damages or attorney's fees).

B. The Department reserves the right to modify or eliminate any of the foregoing procedures.

Charlie Beck
Interim Superintendent of Police

18-013 RCL