```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

CHICAGOANS FOR AN END TO THE GANG        )
DATABASE: BLACK YOUTH PROJECT 100        )
CHICAGO, BLOCKS TOGETHER, BRIGHTON       )
PARK NEIGHBORHOOD COUNCIL, LATINO        )
UNION, MIJENTE, and ORGANIZED            )
COMMUNITIES AGAINST DEPORTATION, as      )
well as DONTA LUCAS, JOHNATHAN           )
WARNER, LESTER COOPER, and LUIS          )
PEDROTE-SALINAS, on behalf of            )
themselves and a class of                )  No. 1:18-cv-04242
similarly-situated persons,              )
                                         )
           Plaintiffs,                   )  Chicago, Illinois
                                         )
      vs.                                )
                                         )  August 20, 2020
CITY OF CHICAGO, SUPERINTENDENT EDDIE    )
JOHNSON, and POLICE OFFICERS             )
MICHAEL TOMASO (#6404),                  )  9:46 a.m.
MICHAEL GOLDEN (#15478),                 )
PETER TOLEDO (#2105), JOHN DOES 1-4,     )
and JANE DOES 1-2,                       )
                                         )
           Defendants.                   )
```

TRANSCRIPT OF PROCEEDINGS - TELEPHONIC STATUS HEARING

BEFORE THE HONORABLE ANDREA R. WOOD

APPEARANCES:

For the Plaintiffs:   RODERICK MacARTHUR JUSTICE CENTER
                      BY:  MS. SHEILA A BEDI and
                           MS. VANESSA DEL VALLE
                      (Appeared telephonically)
                      375 East Chicago Avenue
                      Chicago, Illinois 60611
                      (312) 503-2492
                      sheila.bed@law.northwestern.edu
                      vanessa.delvalle@law.northwestern.edu

```
 1   APPEARANCES:   (Continued)

 2   For the Plaintiffs:    THE LAW OFFICES OF ELIZABETH A. HOMSY
                            BY MS. ELIZABETH ABOUCHAR HOMSY
 3                          (Appeared telephonically)
                            2506 North Clark Street, Suite 286
 4                          Chicago, Illinois 60614
                            (773) 988-3486
 5                          eahomsy@gmail.com

 6
     For the Defendants:    CITY OF CHICAGO, DEPARTMENT OF LAW
 7                          BY:  MR. ANDREW W. WORSECK and
                            MR. JORDAN A. ROSEN
 8                          (Appeared telephonically)
                            30 North LaSalle Street, Suite 1230
 9                          Chicago, Illinois  60602
                            (312) 744-7129
10                          aworseck@cityofchicago.org
                            jordan.rosen@cityofchicago.org
11

12

13

14

15

16

17

18

19

20

21

22
     Court Reporter:        Brenda S. Tannehill, CSR, RPR, CRR
23                          Official Court Reporter
                            219 South Dearborn Street, Suite 1928
24                          Chicago, Illinois 60604
                            (312) 554-8931
25                          brenda_tannehill@ilnd.uscourts.gov
```

1  (Proceedings heard in open court:)
2  THE COURT: Good morning. This is Judge Wood. I
3 believe we're ready for the 9:45 status hearing. I'm going to
4 ask my courtroom deputy to call the case, and then we will see
5 who all we have on the line.
6  David, please call the case.
7  THE CLERK: 18 C 4242, Chicagoans, et al., versus
8 City of Chicago, et al.
9  THE COURT: Who do we have on behalf of the
10 plaintiffs?
11  MS. BEDI: Good morning, your Honor. This is
12 Sheila Bedi for the plaintiff.
13  MS. DEL VALLE: Good morning, your Honor. This is
14 Vanessa Del Valle for the plaintiff.
15  MS. HOMSY: Good morning, your Honor. This is
16 Elizabeth Homsy for the plaintiff.
17  THE COURT: Okay. If that's everybody for the
18 plaintiff, let's move now to defense counsel. Who do we have
19 representing the city?
20  MR. WORSECK: Good morning, your Honor.
21 Andrew Worseck on behalf of the defendants.
22  MR. ROSEN: Good morning, your Honor. Jordan Rosen
23 on behalf of defendants.
24  THE COURT: Any other defense counsel joining us?
25  MR. WORSECK: No. Just us.

1    THE COURT: Okay. Let me turn the floor over. I'll
2 suggest plaintiff's counsel, what do you have to report?
3    MS. BEDI: Your Honor, so we are happy to report that
4 we have reached an agreement. We've reached an agreement to
5 resolve the claims of both the organizational plaintiffs as
6 well as the individual plaintiffs.
7    We just early this morning have exchanged the final
8 documents and believe that pending -- my understanding is
9 pending a final review on the part of the city that we will be
10 in a position to get these -- we should be in a position to
11 get these documents filed by the end of next week.
12    THE COURT: Okay. Do the defendants agree with that
13 assessment?
14    MR. WORSECK: In general, Your Honor. I would take
15 slight issue with something plaintiff's counsel said, and I'm
16 sure, you know, she was speaking at a level of generality that
17 probably is appropriate, but I just want to be clear on the
18 record that as I think we might have previewed with the Court
19 at the last hearing, certainly as a result of the discussions
20 we have been having, the case would be resolved in its
21 entirety, but it would be resolved in different ways as to
22 different parties.
23    We would be envisioning a settlement agreement being
24 the vehicle through which the claims of the individual
25 plaintiffs are resolved; but the claims of the organizational

1  plaintiffs would not be resolved via a settlement agreement
2  but would be resolved via an alternative means that I don't
3  want to get into in open court until it's actually perfected
4  with the Court, but there would be a couple of documents filed
5  with the Court through which or by which the organizational
6  plaintiffs' claims would be resolved.
7        We would not be entering into a settlement agreement
8  with the organizational plaintiffs, but nonetheless, the
9  claims of those plaintiffs would be resolved.
10       THE COURT: So to be clear, will the outcome of these
11 filings, if everything goes smoothly, be to dismiss the claims
12 asserted in the current complaint with or without prejudice or
13 otherwise?
14       MR. WORSECK: The claims as to the individual
15 plaintiffs as we envision it would be dismissed with
16 prejudice.
17       The claims of the organizational plaintiffs would not
18 be -- they would be dismissed but not with prejudice.
19       THE COURT: And is there going to be some portion of
20 this agreement that will require the Court's approval?
21       MR. WORSECK: No.
22       THE COURT: Okay. Ms. Bedi, do you agree with all of
23 that?
24       MS. BEDI: I do, Your Honor, yes.
25       THE COURT: And the expectation is that those filings

1  will be made by August 28th which would be a week from
2  tomorrow?
3      MR. WORSECK: I think that's fair, Your Honor.
4      As Ms. Bedi said, we would just need to do one final
5  check on our side as to one small piece of this. The rest of
6  it has been, you know, vetted to the levels that it needs to
7  be vetted on our side.
8      So subject to checking on that one last piece which I
9  don't anticipate being a problem, then the parties would be
10 prepared to start filing documents with the Court to
11 effectuate the overall resolution and dismissal of the claims.
12 And I think by next Friday is certainly a doable date for all
13 of that to be completed.
14     THE COURT: So what I'm going to suggest here is I'm
15 going to set a date of no later than September 4th which is a
16 week longer than what the parties have proposed for any
17 necessary filings required by your settlement arrangement to
18 be filed with the Court. You can obviously file them sooner
19 if you'd like or if your settlement agreement requires them to
20 be filed sooner, but in the interest of trying to help things
21 continue moving forward, I do want to put a date on my docket
22 by which I'm expecting to see those filings, and I'll set that
23 for September 4th.
24     And then to the extent it's necessary, I'm inclined
25 to also set a status date after that point in time. My

1 courtroom deputy can stop me if I'm forgetting something on my
2 calendar, but it looks like we would have space on
3 September 11th for a telephonic status hearing at, say, 9:30
4 or 9:45 if we need it in order to address any lingering issues
5 from the settlement.
6     And again, if there's something that needs to be
7 entered or approved by me and I have any questions about that,
8 that will be an opportunity. If there's any delay in
9 finalizing things, we can address it at that hearing.
10     If there's no need for the hearing once I see your
11 filing, then things can be addressed in a minute order
12 resolving the case and we move forward in a different
13 direction.
14     David, does that seem feasible, September 11th which
15 is the Friday after Labor Day weekend?
16     THE CLERK: 9:30 is free.
17     THE COURT: Okay. 9:30, does that work for the
18 parties?
19     MS. BEDI: It does, Your Honor. It works for the
20 plaintiff. I'm sorry.
21     MR. WORSECK: Yes, that works for defendants as well.
22     THE COURT: Okay. Good. I'm glad that
23 notwithstanding all of the challenges that I think everybody
24 has been facing over the past few months that counsel here
25 have continued to make progress towards resolving this case,

1  and hopefully, this really is the last stretch to the finish
2  line at least with the current situation.
3       So I look forward to whatever filing you have.  As I
4  said, if you are in a position to make your filing related to
5  the settlement sooner, you're free to do so.  If it's
6  necessary for you to get in front of me sooner for some
7  reason, sooner than September 11th, then please reach out to
8  my deputy and let my chambers know, and we'll do what we can
9  to accommodate you.
10      MR. WORSECK:  Thank you.  We appreciate that.
11      THE COURT:  Anything else from the plaintiff's side?
12      MS. BEDI:  No, thank you, Your Honor.
13      THE COURT:  Anything else from the defense?
14      MR. WORSECK:  No, thank you.
15      THE COURT:  Okay.  Then I believe that's all on this
16  matter.
17      Thank you very much, Counsel.  We'll have a short
18  recess while we see if everybody's here for my 10:00 o'clock.
19      Thank you.
20    (Proceedings adjourned at 9:55 a.m.)
21
22
23
24
25

C E R T I F I C A T E

I, Brenda S. Tannehill, certify that the foregoing is a complete, true, and accurate transcript from the record of proceedings on August 20, 2020, before the HON. ANDREA R. WOOD in the above-entitled matter.

*/s/Brenda S. Tannehill, CSR, RPR, CRR*          9/25/2020

Official Court Reporter          Date
United States District Court
Northern District of Illinois
Eastern Division